\RUSSELL, MIRKOVICH & MORROW
Joseph N. Mirkovich, SBN.: 45644
e-mail: JMirkovich@rumlaw.com
Margaret E. Morrow, SBN.: 145306
e-mail: MMorrow@rumlaw.com
One World Trade Center, Suite 1660
Long Beach, California 90831-1660
(562) 436-9911 / fax (562) 436-1897

Attorneys for Plaintiff
APM TERMINALS PACIFIC LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| APM TERMINALS PACIFIC LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> HANJIN SHIPPING CO., LTD., <br><br> Defendants. | Case No.: <br><br> **IN ADMIRALTY** <br><br> **VERIFIED COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF FIDUCIARY DUTY; APPLICATION FOR RULE B ATTACHMENT AND GARNISHMENT; APPLICATION FOR WRIT OF PRE-JUDGMENT ATTACHMENT AND GARNISHMENT** |

Plaintiff APM Terminals Pacific LLC, a Delaware limited liability company (hereinafter "APMT" or "Plaintiff"), by the undersigned counsel, hereby files its Verified Complaint against Defendant HANJIN SHIPPING CO., LTD. ("HANJIN" or "Defendant"), and pleads as follows:

## I.

## JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves the breach of a stevedoring contract. This Complaint and the claims herein set forth also fall under this Court's Admiralty Jurisdiction pursuant to 28 U.S.C. Section 1333, and are brought under the provisions of Rule B of the Supplemental Rules for

- 1 -
**VERFD COMPL BREACH CONTRACT/FIDUCIARY DUTY; APPL FOR RULE B/WRIT OF PRE-JUDGMENT ATTCHMNT AND GARNISHMNT**

1  Admiralty or Maritime Claims and Asset Forfeiture, Federal Rules of Civil
2  Procedure and the Local Admiralty Rules ("Supplemental Admiralty Rules").
3  Jurisdiction also lies under 28 U.S.C. Section 1331 as this is a claim arising under
4  the laws of the United States.  Pendent or ancillary jurisdiction also lies on any
5  non-federal claims as they arise out of the same transaction or occurrence or
6  series of transactions or occurrences as the above claims.
7        2.     Venue lies within the Central District of California pursuant to the
8  provisions of 28 U.S.C. Section 1391(b) and Rules B and E of the Supplemental
9  Admiralty Rules, in that assets of HANJIN that may be attached by process of
10 maritime attachment and garnishment under Rule B of the Supplemental
11 Admiralty Rules as pled in Section III of this Verified Complaint, are located
12 within the Central District of California and within this Honorable Court's
13 jurisdiction.
14       3.     Plaintiff APMT, is now, and at all times herein mentioned was, a
15 limited liability company organized and existing under and by virtue of the laws
16 of the State of Delaware. At all material times hereto, APMT was a marine
17 terminal operator at Pier 400, Terminal Island, California, 90731-4000.
18       4.     At all times material hereto, Defendant HANJIN was and is an
19 organization existing under and by virtue of the laws of the Republic of Korea.
20       5.     At all times alleged herein, Hanjin Shipping America, LLC was and
21 is an LLC duly formed and existing under the laws of the State of New Jersey.
22 Defendant HANJIN is the manager of this LLC.
23
24                                               **II.**
25                     **PLAINTIFF'S STATEMENT OF FACTS**
26       6.     Beginning on or about June, 2014, plaintiff provided stevedore,
27 terminal and other services and necessaries to vessels owned, chartered, managed
28 or otherwise operated by defendant HANJIN and to cargo carried aboard those

**VERFD COMPL BREACH CONTRACT/FIDUCIARY DUTY;  APPL FOR
RULE B/WRIT OF PRE-JUDGMENT ATTCHMNT AND GARNISHMNT**

vessels. These services and necessaries were provided pursuant to plaintiff's Port of Los Angeles Pier 400 - Terminal Tariff ("Terminal Tariff") and Rate Schedules for Pier 400 Los Angeles that were, from time to time, agreed to by plaintiff and HANJIN. HANJIN's website lists APMT's Los Angeles terminal as one of the terminals that HANJIN uses.

7. Pursuant to these agreements, plaintiff would invoice HANJIN's agent, Hanjin Shipping America LLC, for the services and necessaries that plaintiff provided to HANJIN. HANJIN paid APMT's invoices by wire transfer.

8. Beginning on or about July 13, 2014, HANJIN failed to pay the balance due on APMT's invoices. Although plaintiff has repeatedly requested that HANJIN pay those invoices, it has failed to make any such payment. Consequently, there is due, owing and unpaid to plaintiff the amount of $834,585.01 from HANJIN.

9. Item No. 255(c) of the Terminal Tariff, states that "wharfage, wharf demurrage, wharf storage and any other charges in this Tariff, which are assessed against merchandise, shall be paid at rates named in said tariff. Charges shall be paid by the owner of the merchandise and shall be collected by the vessel discharging or loading the merchandise through its owner, agent, manager, master, berth assignee or other authorized person acting as an agent for the owner." Here HANJIN collected those payments from the owner of the merchandise, and as such, acted as a fiduciary or trustee to APMT to remit those payments to APMT. The amount of those payments received by HANJIN were included in the amount that was billed to HANJIN in APMT's unpaid invoices. HANJIN's failure to remit those amounts to APMT was a breach of its obligations under the tariff as fiduciary or trustee to APMT.

10. APMT is informed and believes that HANJIN has, or will have, assets, accounts, freights, monies, EFTs, charter hire, credits, effects, bunkers, payment for bunkers, goods or services, bills of lading, cargo, empty containers

and the like belonging to, claimed by, or for the benefit of HANJIN within this District held by HANJIN or various other parties, as garnishees.

## III.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

11. Plaintiff realleges and incorporates herein each and every allegation contained in Paragraphs 1 through 10, as though fully set forth herein.

12. In direct breach of its agreements with plaintiff, and despite repeated demands, HANJIN wrongfully failed, neglected or otherwise refused to pay for stevedore, terminal and other services and necessaries that were furnished by plaintiff. The amount that is presently past due and owing as of the date of the filing of this Verified Complaint is $834,944.29, exclusive of interest and costs.

13. Plaintiff has performed all conditions, covenant and promises required by it and its part to be performed in accordance with the terms and conditions of its agreements with HANJIN.

14. As a result of HANJIN's failure to pay the amounts owing on plaintiff's invoices, plaintiff has been damaged in the amount of $834,944.29 as of the filing of this Verified Complaint, exclusive of costs, and in an increasing amount which will be subject to proof and determination at trial.

15. Item 260 (c) of the Terminal Tariff states that "a delinquent invoice or delinquent charge is subject to a late payment charge consisting of simple interest of 1.5% per month."

## SECOND CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY

16. Plaintiff realleges and incorporates herein each and every allegation contained in Paragraphs 1 through 15, as though fully set forth herein.

17. Pursuant to Item No. 255 (c) of the Terminal Tariff, HANJIN was obligated to collect Tariff charges from the owners of the merchandise. Those

**VERFD COMPL BREACH CONTRACT/FIDUCIARY DUTY; APPL FOR RULE B/WRIT OF PRE-JUDGMENT ATTCHMNT AND GARNISHMNT**

1  charges were included in the $834,585.01, which APMT billed Hanjin Shipping
2  America LLC, as agent for HANJIN.  On information and belief, HANJIN
3  collected those charges from the owners of the merchandise because HANJIN
4  would not have released the merchandise to their owners without payment having
5  been made.  However, HANJIN failed, neglected or otherwise refused to remit to
6  APMT the Tariff charges it collected from the owners of the merchandise when it
7  failed to pay the $834,944.29.

8      18.    As a result of failing to remit the paid Tariff charges to APMT,
9  HANJIN breached its fiduciary duty to APMT and APMT has been damaged in
10 that amount.  This amount will increase as additional invoices become due and
11 are unpaid.

12     19.    Item 260 (c)  of the Terminal Tariff states that "a delinquent invoice
13 or delinquent charge is subject to a late payment charge consisting of simple
14 interest of 1.5% per month."

### THIRD CAUSE OF ACTION - MARITIME ATTACHMENT AND GARNISHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

18     20.    Plaintiff re-alleges and incorporates herein each and every allegation
19 contained in Paragraphs 1 through 19, as though fully set forth herein.

20     21.    Defendant HANJIN is not present and cannot be found in the Central
21 District of California within the meaning of Rule B of the Supplemental
22 Admiralty Rules.  However, HANJIN is believed to have, or will have during the
23 pendency of this action, certain assets, accounts, freights, EFTs, monies, charter
24 hire, credits, effects, bunkers, payment for bunkers, goods or services, bills of
25 lading, cargo, existing containers and the like belonging to, claimed by, or for the
26 benefit of defendants within this District held by defendants or various other
27 parties, as garnishees.

28     22.    The Court should therefore issue an Order directing the Clerk of the

- 5 -

**VERFD COMPL BREACH CONTRACT/FIDUCIARY DUTY;  APPL FOR RULE B/WRIT OF PRE-JUDGMENT ATTCHMNT AND GARNISHMNT**

Court of issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B, attaching all tangible or intangible property or any funds held by the Garnishees on behalf of, for the benefit of, and/or for the account of HANJIN, up to at least the amount demanded herein to secure APMT's claim, and that all persons and/or entities claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Original Complaint.

### FOURTH CAUSE OF ACTION-APPLICATION FOR WRIT OF PRE-JUDGMENT ATTACHMENT AND GARNISHMENT

23. Plaintiff re-alleges and incorporates herein each and every allegation contained in Paragraphs 1 through 12, as though fully set forth herein.

24. HANJIN's tangible assets, *i.e.* seagoing vessels and the cargoes, bunkers, and appurtenances thereon, are mobile and transient, and used in international trades, and in the event APMT recovers a judgment against HANJIN, it will be extremely difficult, if not impossible, to obtain satisfaction of same, by execution of the judgment. Upon information and belief, HANJIN does not have any collectible assets in its country of incorporation, *i.e.* the Republic of Korea, which have not already been secured in favor of other creditors.

25. As a consequence of the foregoing, Plaintiff runs a substantial risk that the judgment it expects to recover will remain unsatisfied, and will be for all practical purposes and effects unenforceable.

26. Upon information and belief, HANJIN, nevertheless, has tangible assets within the State of California, and specifically within the Judicial District of this Court which may be attached by process of pre-judgment attachment and garnishment, pursuant to Rule 64 of the Federal Rules of Civil procedure and California Code of Civil Procedure section 485.210(a) *et. seq*.

27. This Court is vested with jurisdiction to order and maintain an

attachment over property of HANJIN pending resolution of the merits of the controversy between APMT and HANJIN.

28. APMT will show in its application concurrently filed with this Complaint that the presence of the HANJIN assets within the state of California is not merely fortuitous, and that this forum is not an inconvenient arena for HANJIN to litigate the limited issues arising hereunder.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

a. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, issue against HANJIN and HANJIN be cited to appear and answer the allegations of this Complaint;

b. That if HANJIN cannot be found in this District, that all of its respective property within this district up to an amount of $834,944.29, plus prejudgment interest, be attached and seized pursuant to Supplemental Admiralty Rule B;

c. That a judgment be entered against defendants in the sum of $834,944.29, together with prejudgment interest at the rate of 1.5% per month and costs;

d. That the Court exercise its jurisdiction over this matter; review Plaintiff's application for the issuance of an order for a prejudgment writ of attachment as prejudgment security under Rule 64 of the Federal Rules of Civil Procedure, and under California Code of Civil Procedure section 485.210(a), *et seq*.; and/or

**VERFD COMPL BREACH CONTRACT/FIDUCIARY DUTY; APPL FOR RULE B/WRIT OF PRE-JUDGMENT ATTCHMNT AND GARNISHMNT**

1    e.    That the Plaintiff have such other and further relief as in justice it
2 may be entitled to receive.

                                                             Respectfully submitted,

Dated: September 2, 2016     RUSSELL, MIRKOVICH & MORROW

                                               By:    /s/ Joseph N. Mirkovich
                                                     Joseph N. Mirkovich, Esq.
                                                     Attorneys for Plaintiff
                                                     APM TERMINALS PACIFIC LLC

R:\APMT\APMT-2 Hanjin\pleading\complaint verified.wpd

**VERFD COMPL BREACH CONTRACT/FIDUCIARY DUTY; APPL FOR RULE B/WRIT OF PRE-JUDGMENT ATTCHMNT AND GARNISHMNT**

## VERIFICATION

I, Peter Jabbour, do hereby declare that:

I am the General Counsel and a Vice-President of APM TERMINALS PACIFIC LLC, plaintiff in this action. I am authorized to make this verification for and on its behalf and I make this verification for that reason. I have read the foregoing VERIFIED COMPLAINT FOR BREACH OF CONTRACT AND APPLICATION FOR RULE B ATTACHMENT AND GARNISHMENT. I am informed and believe that the matters stated therein are true and on that ground, I allege that the matters are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 2nd day of September, 2016, at Elizabeth, New Jersey.

_____
Peter Jabbour